FILED
Aug 09, 2019
10:40 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Camesha Hill, | ) | Docket No.: 2018-01-0675 |
|     Employee, | ) | |
| v. | ) | |
| Allegis Group, | ) | State File No.: 8566-2018 |
|     Employer, | ) | |
| And | ) | |
| Agri General Insurance Co., | ) | Judge Audrey Headrick |
|     Carrier. | ) | |

## EXPEDITED HEARING ORDER

The Court conducted an Expedited Hearing on August 6, 2019. The issue is whether Ms. Hill is likely to establish at trial that she is entitled to a panel of shoulder orthopedists after a direct referral doctor declined to see her. Allegis Group disputes her entitlement to a panel, asserting that the provision of a panel is optional after an employer provides an initial panel. For the reasons below, Ms. Hill is not entitled to another panel.

### History of Claim

An automobile trunk lid hit Ms. Hill on the head while she was working for Allegis Group, a temporary agency, at Volkswagen on January 24, 2018. She initially received emergency care and later selected Dr. Natasha Ballard from a panel. After conservative treatment of Ms. Hill's cervical spine was unsuccessful, Dr. Ballard referred her to Dr. Timothy Strait, a neurosurgeon.

Instead of seeing Dr. Strait, the parties agreed that Dr. Ballard made a direct referral for Ms. Hill to see Dr. Joseph Miller, a neurosurgeon.[1] Dr. Miller diagnosed a cervical disc protrusion and provided conservative treatment. He determined Ms. Hill was not a surgical candidate "at [that] time," and he placed her at maximum medical

---

[1] The medical records submitted do not reflect a direct referral to Dr. Miller.

1

improvement from a neurosurgical standpoint. Dr. Miller also referred Ms. Hill to Dr. J. Dorizas, one of his partners, for Ms. Hill's right shoulder.

Allegis Group attempted to schedule Ms. Hill with Dr. Dorizas, but his office provided a handwritten response indicating that Dr. Dorizas "doesn't see w/c." However, that response also stated that Dr. Brandon Cincere, a partner of Dr. Miller and Dr. Dorizas, did accept workers' compensation patients. The doctor's office sent the necessary form for Allegis Group to schedule an appointment with Dr. Cincere, should he agree to accept her as a patient.

Dr. Cincere accepted Ms. Hill as a patient and treated her from November 2018 through April 2019. At the first visit, Dr. Cincere questioned whether the impact to Ms. Hill's head caused her shoulder condition. By March, Dr. Cincere provided an opinion that, despite assigning several shoulder diagnoses, only her right suprascapular neuropathy "may be related" to the January 24, 2018 injury.

Ms. Hill argued she is entitled to a panel because Allegis Group failed to provide her with one after Dr. Dorizas declined to see her. She contended that Allegis Group permitted the nurse case manager to merely send her to Dr. Cincere. Conversely, Allegis Group argued Dr. Miller and Dr. Dorizas's office referred Ms. Hill to Dr. Cincere, a doctor in the same practice group. Therefore, Allegis Group maintained it complied with the law when it provided her the initial panel from which she selected Dr. Ballard, and the law does not require it to provide Ms. Hill with another panel.

### Findings of Fact and Conclusions of Law

#### *Standard Applied*

At an expedited hearing, Ms. Hill must present sufficient evidence to prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds she did not.

#### *Medical Benefits*

The sole issue is Ms. Hill's request for a panel. Under the Workers' Compensation Law, the employer is required to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). When the treating physician refers the employee to a specialist physician, the employer must provide a panel of specialists within three business days unless it accepts the referral. In cases where an employer provided a panel of specialists, the selected panel physician "shall become the treating physician until treatment by the specialist physician . . . concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel provided by

2

the employer under subdivision (a)(3)(A)." Tenn. Code Ann. § 50-6-204(a)(3)(A) and (E).

Here, Allegis Group provided Ms. Hill with a panel, and she selected Dr. Ballard. The parties agree that Dr. Ballard referred Ms. Hill to Dr. Miller, who referred her to his partner, Dr. Dorizas, for her shoulder. The Court is not persuaded by Ms. Hill's argument that the nurse case manager referred her to Dr. Cincere. Instead, Dr. Miller and Dr. Dorizas's office notified Allegis Group in writing that Dr. Dorizas did not accept workers' compensation patients, but their partner, Dr. Cincere, did. Tennessee Code Annotated section 50-6-204(a)(3)(A) permits Allegis Group to either provide a panel of specialists within three business days of the referral or accept the referrals. Allegis Group accepted the referrals, and Ms. Hill treated with Dr. Cincere for five months until he provided an equivocal causation opinion regarding her shoulder. The law does not require Allegis Group to provide Ms. Hill with another panel. *Rhodes v. Amazon.com, LLC*, 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *22 (June 11, 2019). Therefore, the Court holds Ms. Hill is unlikely to prevail at a hearing on the merits regarding her request for another panel.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hill's requested relief is denied at this time.

2. This case is set for a Status Hearing on **Wednesday, October 16, 2019, at 10:00 a.m. Eastern Time**. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED August 9, 2019.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:
1. Affidavit of Camesha Hill
2. Medical records with Table of Content:
    a. Dr. Natasha Ballard
    b. Dr. Joseph Miller
    c. Dr. Paul Hoffmann
    d. Dr. Brandon Cincere
3. Medical record of Erlanger Orthopaedics
4. Temporary Total Disability Payment Records
5. Panel


Technical record:
1. Petition for Benefit Determination
2. Request for Expedited Hearing
3. Dispute Certification Notice
4. Notice of Deposition
5. Notice of Expedited Hearing
6. Amended Notice of Deposition
7. Employer and Carrier's Witness and Exhibit List
8. Notice of Filing Medical Records with Table of Contents
9. Employee's Witness and Exhibit List
10. Notice of Filing of Records on Temporary Total Disability Payments to Employee

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on August 9, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Charles G. Wright, Jr., Employee Attorney | | X | wrightandwoodard@gmail.com |
| David J. Deming, Employer's Attorney | | X<br>X | ddeming@manierherod.com<br>tjoiner@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____
**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals
Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                                      RDA 11082